THE STATE OF OHIO, APPELLEE, *v.* BURTON, APELLANT.

(No. 76-1299—Decided October 19, 1977.)

Mr. *Stephen M. Gabalac,* prosecuting attorney, and *Mr. Carl M. Layman, III,* for appellee.

*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. Robert M. Gippin,* for appellant.

*Per Curiam.* Appellant Cecil Burton presents this court with numerous propositions of law in the instant cause. The basis of these propositions is his contention that his sentence is unjustified due to a bargain which appellant states had been reached in exchange for a less severe sentence than the one that actually was imposed.

We have carefully examined the trial court record of

December 18, 1973, the date on which appellant, while represented by counsel, entered a plea of guilty to the ten counts of uttering a forged instrument listed in his grand jury indictment. Appellant assured the trial court that he understood these proceedings. He expressly informed the trial court that he was satisfied with his representation by counsel. Appellant explicitly agreed that his counsel had done as he had asked, and had answered all questions posed by appellant. Appellant made it clear to the trial court that he had been promised nothing for his guilty plea, other than that the court would order a pre-sentence investigation and that appellant would be allowed to remain on bond pending that investigation.

In the course of those proceedings, the trial court warned appellant: "Now, if you get arrested for any additional charges between now and the time this case is disposed of you may further assume that you will not receive any consideration by this Court; do you understand that?" Appellant replied: "Yes, I do, Your Honor."

We also have scrutinized the record of the proceedings of January 15, 1974, when appellant was sentenced. On that date the trial court specifically noted for the record that appellant had been arrested only days earlier. The court explained that its sentencing of appellant was in light of this arrest following the warning issued by the court at the hearing on December 18, 1973.

It is unmistakable that appellant had been effectively cautioned by the trial court that he would receive no consideration in his sentencing were he arrested between December 18, 1973, and his sentencing date; on the day of the sentencing, the trial court observed that appellant indeed had been arrested in the interim. Appellant does not claim that he was *not* thus cautioned by the trial court, nor does he deny that he thereafter was arrested. Furthermore, the record of the proceedings reflects no attempt to withdraw the guilty plea.

The instant controversy contrasts sharply with cases such as *Santobello* v. *New York* (1971), 404 U. S. 257, where-

in a criminal defendant asserts that he has performed as instructed by the state. Furthermore, it is well-established that a sentencing court may weigh such factors as arrests for other crimes. As noted by the Second Circuit United States Court of Appeals, the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant: "To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions." *United States* v. *Doyle* (C. A. 1965), 348 F. 2d 715, 721, certiorari denied 382 U. S. 843 (1965); *United States* v. *Metz* (C. A. 3, 1972), 470 F. 2d 1140, certiorari denied 411 U. S. 919 (1973).

Appellant, having failed to perform as reasonably directed, was entitled to no dispensation from the trial court. Under the facts at bar, an evidentiary hearing on appellant's post-conviction relief petition, filed pursuant to R. C. 2953.21,* is not warranted.

In view of all the foregoing, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, J., concurs in the judgment.

---

*R. C. 2953.21(A) provides:

"Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief."