OPINION
Defendant-appellant, Ronald L. Hammons, appeals the sentence imposed upon him under Ohio's recently enacted felony sentencing law, Am.Sub.S.B. No. 2 ("Senate Bill 2"). We affirm the trial court's rulings on the issues raised by appellant, but reverse and remand the case for resentencing on other grounds.
Appellant was indicted on November 27, 1996 on charges of rape, kidnapping, and corrupting a minor resulting from an incident that allegedly occurred on September 29, 1996. Appellant pled guilty to one count of corrupting a minor, a fourth degree felony, and the prosecution entered a nolle prosequi on the other charges. On January 10, 1997, the trial court sentenced appellant to eighteen months in prison, the maximum term authorized for a fourth degree felony under Senate Bill 2.
Appellant filed this appeal challenging the trial court's application of Senate Bill 2 to his sentence. Appellant presents three assignments of error for review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN MAKING THE SERIOUSNESS FINDINGS UNDER SECTION 2929.12(B) OF THE OHIO REVISED CODE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN FINDING THE EXISTENCE OF RECIDIVISM FACTORS UNDER SECTION 2929.12(D) OF THE OHIO REVISED CODE.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH OHIO REVISED CODE 2929.13(B)(1)(a-h).
In his first assignment of error, appellant challenges the trial court's determination that his conduct was "more serious" than conduct normally constituting the offense.
Under the Senate Bill 2 sentencing scheme, when a mandatory prison term is not required for a felony offense, the sentencing court has discretion to determine the most "effective way to comply with the purposes and principles of sentencing * * *" set forth in R.C. 2929.11.[1] See R.C. 2929.12(A). In the exercise of its discretion, the court must consider the factors set forth in R.C. 2929.12 concerning the seriousness of the defendant's conduct and the likelihood of recidivism. The court may also consider "any other factors that are relevant to achieving the purposes and principles of sentencing."
In this instance, the trial court determined under R.C. 2929.12
(B) that appellant's conduct was "more serious" than conduct normally constituting the offense. In support of its finding, the trial court cited three factors: (1) the victim's injury was worsened because of the mental condition and age of the victim, see R.C. 2929.12(B)(1); (2) the victim suffered serious physical, psychological, or economic harm, see R.C. 2929.12(B)(2); and (3) the defendant held a position of trust with the victim and the offense involved a violation of that trust.
Appellant's first argument under his first assignment of error is that the trial court improperly relied on unsubstantiated, unsworn statements by third parties in making the seriousness findings. Specifically, the evidence of serious harm suffered by the victim consists of statements by the victim's grandmother, Katherine Frost, and the prosecutor during the sentencing hearing. For her part, Frost stated:
 * * * I feel like this has effected [sic] M. in a lot of ways because he's tried to kill himself, he's been to the point that he's tried to jump out of windows. Right now, today, the reason why his mother is not here is they are taking him to Indianapolis to a facility where he would have more protection from harm from anyone and himself. So he's in a terrible fix. * * *
 * * * [appellant] has ruined my grandson's life in a way. * * *
The prosecutor told the court:
 Judge, there still is not, to my knowledge, been [sic] any confirmation as to whether M.D. is HIV positive. * * *
 * * * [appellant] took advantage of a young boy, and while the young boy had some problems prior to this, he was doing relatively well at St. Al's. There was talk about him moving back home with his mother at some point because he was doing well. And Judge, he basically — has he been ruined? Only time will tell, but I'll tell you, Judge, things have gone progressively down hill since this episode. And I just don't think it's coincidence that this boy has experienced all these severe problems since this happened.
 And basically, the boy is now going to be a ward of some institution, and I can tell you, Judge, when I spoke with him, and I wish he could be here so you could see him, he was upset, and I really think if there is a victim in this case, the only victim is M.D.
This court has held previously that the Ohio Rules of Evidence do not apply in sentencing proceedings. State v. Wackenthaler (Sept. 6, 1988), Butler App. No. CA88-01-007, unreported, at 5. See, also, Evid.R. 101(C)(3). Instead, such proceedings are governed by "simple notions of due process" and, as such, evidence is properly considered "when the defendant is afforded an opportunity to respond to it." Wackenthaler, unreported, at 5.
Under Senate Bill 2, information relevant to the imposition of sentence may be presented at a felony sentencing hearing by "the offender, the prosecuting attorney, the victim or the victim's representative * * * and, with the approval of the court, any other person * * *." R.C. 2929.19 (A)(1). Before imposing a sentence the trial court must consider "the record, any information presented at the hearing by any person pursuant to [R.C. 2929.19(A)]" as well as the presentence investigation report, if any, and the victim impact statement, if any. R.C. 2929.19(B)(1). (Emphasis added.) The trial court may consider negative information as well as positive information about the defendant. State v. Burton (1977), 52 Ohio St.2d 21, 23.
In this case, appellant was given ample opportunity to respond to all statements presented by the prosecution and its witnesses. See Wackenthaler. Moreover, the statements by Frost and the prosecutor fit squarely within the provisions of R.C.2929.19(A)(1). Therefore, to the extent that the trial court relied on the statements of Frost and the prosecutor in making its findings, we find that the trial court was well within in its discretion.
Appellant's second claim under this assignment of error is that the trial court relied on improper findings in making its seriousness determination. Specifically, appellant complains that the finding "defendant held a position of trust with the victim and the offense involved a violation of that trust" is not one of the factors enumerated in R.C. 2929.12(B) and, therefore, the trial court erred by citing this factor in its determination.
R.C. 2929.12(B) requires the sentencing court to consider all the applicable factors set forth in that section.[2] The court may also consider "any other relevant factors." R.C.2929.12(B). The operative facts of this case are the following: Appellant was thirty-eight years old and HIV positive when he picked up the victim, thirteen-year-old male, M.D., in a parking lot. M.D. had run away from home, and appellant drove M.D. to appellant's home. Appellant then permitted M.D. to perform fellatio on him without revealing that he had HIV. Based on these circumstances, and considering, especially, the great disparity in the ages of appellant and M.D., we find that while appellant's violation of the victim's trust is not one of the enumerated R.C.2929.12(B) factors, it is a relevant factor in determining the seriousness of appellant's conduct. Accordingly, for the reasons stated above, the first assignment of error is overruled.
In his second assignment of error, appellant challenges the trial court's recidivism determination under R.C. 2929.12.[3]
The trial court determined that appellant's recidivism is "likely" based on the following findings:
 1. The defendant had been out on bail before trial or sentencing, under court sanction or under post-release control or parole when the offense was committed;
 2. The defendant has a record of prior criminal convictions;
 3. The defendant has failed to respond favorably in the past to probation or parole;
4. The defendant has shown no remorse;
 5. The defendant has refused to accept responsibility for his actions, and continues to blame the victim for the offense.
Appellant complains under this assignment of error that the trial court relied on erroneous findings of fact in reaching the conclusion that recidivism is likely.
Appellant states, as to the first factor, that although he had a pending misdemeanor theft case at the time he was sentenced in this case, he had not been arrested or arraigned on the theft charges and was not out on bail or under any type of post-release control or probation. As to the second factor, appellant argues that his prior convictions should be viewed leniently because they are remote in time, the last occurring in 1985, and because he is permanently disabled as a result of a severe beating he endured in 1988. Appellant claims, finally, that findings 3-5 are not supported by the record.
As a threshold matter, we note that appellant did not object to any of these findings when the trial court presented them during the sentencing hearing. "Any errors not brought to the attention of the trial court by objection or otherwise are waived and may not be raised on appeal unless they rise to the level of plain error." Hamilton v. Clemans (June 2, 1997), Butler App. No. CA96-04-073, unreported, citing State v. Williford (1990),49 Ohio St.3d 247, 251. To constitute plain error, the record must show that an error occurred and that except for the error the outcome would have been different. State v. Campbell (1994),69 Ohio St.3d 38, 42.
Even if the trial court's first finding under R.C. 2929.12(D) is incorrect, the record supports findings 2-5. The record shows that appellant has several prior offenses on his record. Despite the fact that appellant received parole or probation, appellant continued to re-offend. In addition, our review of the presentence report, particularly appellant's statement contained therein, supports the trial court's determination that appellant is not remorseful and that he continues to blame the victim for what happened. Accordingly, we do not find that the trial court's findings amount to plain error. The trial court's determination concerning appellant's likelihood of recidivism is supported by the record.
Appellant next argues under this assignment of error that the trial court's determination that appellant's recidivism is likely conflicts with its determination that appellant is not a sexual predator. We see no conflict.
Appellant pled guilty to a "sexually oriented offense,"[4]
therefore, the sentencing court was required to determine appellant's status under Ohio's recently enacted Registration Notification Sex Offender Act, codified at R.C. 2950.01 et seq. and commonly known as Ohio's "Megan's Law." Among other things, Megan's Law requires the court to determine whether one who has committed a sexually oriented offense is a "sexual predator." See R.C. 2950.09(B)(1). "Sexual predator" is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E).[5] (Emphasis added.) In this case, both parties and the trial court agreed that appellant is not a sexual predator.
The determination under R.C. 2950.09 is limited to sexually oriented offenses. By contrast, the recidivism determination under R.C. 2929.12(D) addresses the possibility of appellant committing any crime, not just a sexually oriented crime. Accordingly, we find that the trial court's determination that this criminal defendant is not a sexual predator does not mean, ipso facto, that he cannot be judged likely to commit any other offense in the future under R.C. 2929.12(D). We overrule the second assignment of error.
In his third assignment of error, appellant states that the trial court committed reversible error by failing to comply with the guidance for sentencing set forth in R.C. 2929.13. Specifically, appellant argues that the court made erroneous findings under R.C. 2929.13(B)(1). We disagree.
Under R.C. 2929.13(B)(1), a trial court sentencing an offender under a fourth or fifth degree felony shall determine whether any of eight factors set forth in subsections (a) through (h) of that section apply. If the trial court: (1) finds that any of the factors apply; (2) considers the R.C. 2929.12 seriousness and recidivism factors; (3) finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C.2929.11; and (4) finds that the offender is "not amenable to an available community control sanction," the court "shall impose a prison term upon the offender." See R.C. 2929.13(B)(2)(a).
In this case, the trial court found that three of the eight R.C. 2929.13(B) factors applied, i.e.: (1) appellant attempted or threatened to cause physical harm to a person and had previously been convicted of an "offense of violence," see R.C.2929.13(B)(1)-(c); (2) appellant committed a sex offense, see R.C. 2929.13(B (1)-(f); and (3) that appellant had previously served a prison term, see 2929.13(B)(1)(g). Having made these findings, the trial court then stated that it weighed the seriousness and recidivism factors, found that a prison term is consistent with the purposes and principles of sentencing under R.C. 2929.11, and that appellant was not "amenable to available community sanction." See R.C. 2929.13(B)-(2)(a). The trial court sentenced appellant to eighteen months in prison, the maximum term authorized for the offense committed by appellant. We find these actions by the trial court constitute compliance with R.C. 2929.13 and find no error in the trial court's determination that appellant's conduct warrants a prison term. Appellant's third assignment of error is overruled.
Despite our disposition of appellant's three assignments of error, we cannot conclude that appellant's sentence is free from reversible error. We now raise two issues sua sponte. First, we observe that the trial court sentenced appellant to the maximum prison term authorized for a fourth degree felony, see R.C.2929.14(A)(4), without making any findings concerning its reasons for doing so. The court did not find either that appellant committed the worst form of the offense" or that he "pose[s] the greatest likelihood of committing future crimes," see R.C.2929.14(C).[6] In State v. Boss (Sept. 15, 1996), Clermont App. No. CA96-12-107, unreported, we held that where a court makes no verbal or written findings that "an accused satisfies one of the necessary preconditions of R.C. 2929.14(C), a court may not impose the maximum term of imprisonment available under2929.14(A)." In addition, the court did not make a finding that "gives its reasons for selecting" the maximum term as it is required to do under R.C. 2929.19(B)(2). In the absence of such reasons we must conclude that the maximum sentence imposed on appellant is not supported by the evidence and is contrary to law. See R.C. 2953.08(G)(1)(d); Boss.
Second, we find that the trial court failed to comply with the dictates of R.C. 2950.09(B). R.C. 2950.09(B)(1) states:
 Regardless of when the sexually oriented offense was committed, if a person is to be sentenced on or after the effective date of this section for a sexually oriented offense that is not a sexually violent offense * * *, the judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator.
R.C. 2950.09(B)(3) states:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. If the judge determines that the offender is not a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is not a sexual predator.
In this case, the trial court apparently determined that appellant was not a sexual predator. However, the trial court did not specify this determination on appellant's sentence and judgment of conviction as required by R.C. 2950.09(B)(3).
The trial court also concluded that appellant is not a habitual sex offender. R.C. 2950.09(E), which became effective on January 1, 1997, addresses the trial court's obligations concerning habitual sex offenders under Ohio's Megan's Law. It states, in part:
 If a person is convicted of or pleads guilty to committing, on or after the effective date of this section, a sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense. * * * If the judge determines that the offender previously has not been convicted of or pleaded guilty to a sexually oriented offense, the judge shall specify in the offender's sentence that the judge has determined that the offender is not a habitual sex offender.
In this case, appellant pled guilty on December 10, 1996 to committing a sexually oriented offense on September 29, 1996. Both events occurred prior to January 1, 1997, the time R.C.2950.09(E) took effect. On these facts, therefore, the trial court was not required to make a determination under R.C.2950.09(E) as to whether appellant was a habitual sex offender. By the same token, we note that the trial court did not err by omitting from appellant's sentence the determination that appellant is not a habitual sex offender. See R.C. 2950.09(E).
Chapter 2950 of the Ohio Revised Code existed prior to the enactment of Ohio's Megan's Law, however. The earlier version of the statute set forth the definitions and registration requirements of "habitual sex offenders."[7] Under that chapter, the registration obligations of a "habitual sex offender" commenced upon his discharge from the penal institution where he was incarcerated. If the habitual sex offender was released on probation, discharged upon payment of a fine, or given a suspended sentence, he was to be informed of his registration obligations by the court that convicted him. Under that version of the statute, the trial court was not specifically required to make a determination prior to sentencing as to whether the offender was a habitual sex offender, nor was the trial court required to specify any such classification on the offender's sentence. Here, appellant has not been convicted of any sex offenses besides the one at issue in this case. Therefore, appellant is not a "habitual sex offender" as that term is defined under the version of R.C. 2950 in effect prior to January 1, 1997, and appellant will, thus, have none of the registration obligations under the earlier version of R.C. 2950.
Accordingly, we affirm the trial court's decision on its merits, vacate appellant's sentence, and remand this case to the trial court for resentencing.
Judgment affirmed as to appellant's conviction under R.C.2907.04 and reversed and remanded for resentencing in accordance with this decision.
YOUNG, P.J., and BROGAN, J., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), of the Ohio Constitution.
[1] R.C. 2929.11(A) states that a court sentencing an offender for a felony "shall be guided by the overriding purposes of felony sentencing," which are "to protect the public from future crime by the offender and others and to punish the offender."
[2] The R.C. 2929.12(B) factors are as follows:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense and is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
[3] R.C. 2929.12(D) requires the trial court to consider the following factors and "any other relevant factors" in determining whether "the offender is likely to commit future crimes:"
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing * * * or under postrelease control * * *.
 (2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
[4] The offense of corruption of a minor, a violation of R.C.2907.04, where the victim is less than eighteen years of age constitutes a "sexually oriented offense." R.C.2950.01(D)(2)(a).
[5] "Sexually oriented offense" includes rape (R.C. 2907.02), sexual battery (R.C. 2907.03), gross sexual imposition (R.C.2907.05), regardless of the age of the victim, and kidnapping (R.C. 2905.01), abduction (R.C. 2905.02), unlawful restraint (2905.03), and corrupting a minor (R.C. 2907.04) where the victim is less than eighteen years of age.
[6] R.C. 2929.14(C) states:
 the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *.
In this case, only the first two categories cited in the statute (worst form of offense, greatest likelihood of committing future crimes) could possibly apply to appellant.
[7] Under the version of R.C. 2950 in effect prior to the enactment of H.B. 180, a "habitual sex offender" was defined as "any person who is convicted two or more times, in separate criminal actions, for commission of * * * sex offenses * * *, including felony corruption of a minor." See R.C. 2950.01, effective January 1, 1974.