OPINION
Defendant-appellant Jeremiah R. Graves appeals the April 6, 1999 Judgment Entry of the Lancaster Municipal Court which found appellant guilty of underage consumption and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On December 17, 1998, Deputy J.A. Hildinger of the Fairfield County Sheriff's Office stopped appellant's vehicle. At the time of the stop, appellant was the front seat passenger. In his incident report, Deputy Hildinger noted the driver did not appear to be intoxicated, but appellant had bloodshot eyes and slurred speech. When the backup canine unit arrived, Deputy Hildinger ordered the occupants out of the car, and patted each down for officer safety. During this process, appellant, apparently angered by the procedure, slammed a plastic pop bottle off of the hood of Deputy Hildinger's cruiser. At that time, the deputies put appellant in the back of the cruiser. Appellant started hitting the safety screen with his hand and officers took him out of the vehicle to put handcuffs on him. Just as appellant exited the vehicle, he pushed into Deputy Hildinger, almost knocking the officer down. He then started to pull away from Deputy Hildinger at which time the deputy was forced to take appellant to the ground. Appellant continued to struggle, but after several attempts, Deputy Hildinger and Deputy Dixon cuffed appellant and put him back in the cruiser. As a result of this scuffle, Deputy Hildinger injured his hand. When the officers led the police dog around the car, the dog "indicated" the presence of narcotics. Deputy Dixon searched the vehicle and found a small glass jar in the glove box with a small amount of marijuana in it. He also found a plastic bag in the console with some residue. Further, the deputies found tweezers in the driver's side door, with residue on the end, and a partially burnt marijuana cigarette on the rear seat. A partial twelve pack of beer was also found in the vehicle with one empty can and one-half full can under the seat. Finally, a chrome bladed knife with tape around the handle was found under the driver's seat. Appellant was transported to the Fairfield County Jail and charged with possession of marijuana; possession of drug paraphernalia; public intoxication; possession of a concealed weapon; open container in a motor vehicle; possession and consumption of beer; and resisting arrest. At his December 17, 1998 arraignment, appellant plead not guilty to each charge. On January 25, 1999, appellant filed a Motion to Suppress. On March 15, 1999, the trial court held an oral hearing on the motion to suppress. In a March 31, 1999 Judgment Entry, the trial court found the officer had probable cause to stop the vehicle, but further found a full search of the vehicle was not justified. The trial court suppressed all evidence obtained during the search of the vehicle. On April 6, 1999, the trial court held a change of plea hearing. At that time, appellant and his counsel signed an acknowledgment and waiver in which appellant voluntarily waived his right to a jury trial and entered a plea of no contest to underage consumption. The trial court dismissed the remaining charges without prejudice. In an April 6, 1999 Judgment Entry, the trial court found appellant guilty of underage consumption, fined appellant $150.00 plus court costs, and sentenced appellant to 180 days in the Fairfield County Jail. The trial court suspended 147 days of the sentence on condition of two years good behavior. The trial court further ordered 3 days to be served in the county jail with the remaining 30 days to be served under electronic house monitoring. It is from that judgment entry appellant prosecutes this appeal, assigning as error the following:
 I. THE TRIAL COURT'S SENTENCE WAS SO DISPROPORTIONATE TO THE CRIME COMMITTED THAT IT VIOLATED THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT'S SENTENCE IS NULL AND VOID DUE TO THAT COURT'S DISREGARD OF STATUTORY REQUIREMENTS.
 III. THE TRIAL COURT'S IMPOSITION OF A MORE SEVERE SENTENCE TO PUNISH APPELLANT FOR A CHARGE DISMISSED BY THE STATE VIOLATED HIS RIGHTS TO DUE PROCESS OF LAW AND A PRESUMPTION OF INNOCENCE.
 I
Appellant maintains the trial court's sentence was so disproportionate to the crime committed that it violated theEighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution. We disagree. "Where the sentence imposed by the trial court is within the limits prescribed by statute, the court of appeals cannot hold that the trial court abused its discretion by imposing too severe a sentence." State v. Coyle (1984), 14 Ohio App.3d 185, paragraph two of the syllabus. An abuse of discretion is more than error of law or judgment; it implies that the court attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Appellant plead no contest to a charge of underage consumption of alcohol, in violation of R.C.4301.69(E). A violation of that section is a misdemeanor of the first degree. Misdemeanor sentencing is governed by R.C. 2929.21, which provides, in pertinent part: (A) * * * whoever is convicted of or pleads guilty to a misdemeanor * * * shall be imprisoned for a definite term or fined, or both, which term of imprisonment and fine shall be fixed by the court as provided in this section.
 (B) * * * terms of imprisonment for misdemeanor [sic] shall be imposed as follows:
 (1) For a misdemeanor of the first degree, not more than six months;
 (C) Fines for misdemeanor [sic] shall be imposed as follows:
 (1) For a misdemeanor of the first degree, not more than one thousand dollars;
R.C. 2929.22 specifies factors a court shall consider in imposing sentence: Imposing sentence for misdemeanor
 (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12
to 2930.17 of the Revised Code * * *
 (B) The following do not control the court's discretion, but shall be considered in favor of imposing imprisonment for a misdemeanor:
(1) The offender is a repeat or dangerous offender;
 (2) * * * the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.
 (D) The criteria listed in division (B) and referred to in division (C) of this section shall not be construed to limit the matters that may be considered in determining whether to impose imprisonment for a misdemeanor.
Finally, R.C. 2929.51 provides for the suspension of a sentence: Suspension of sentence; time; conditions; community based correctional program; domestic violence offenders
 (A) At the time of sentencing and after sentencing, when imprisonment is imposed for a misdemeanor, the court may do any of the following: * * *
 (4) Require the offender to serve a portion of the offender's sentence, which may be served in intermittent confinement, and suspend the balance of the sentence pursuant to section 2951.02 of the Revised Code upon any terms that the court considers appropriate, or suspend the balance of the sentence and place the offender on probation pursuant to that section.
As noted supra, the trial court sentenced appellant to 180 days in jail with 147 days of the sentence suspended. The court further ordered appellant to serve 3 days of the 180 day sentence in jail and the remaining 30 days on house arrest. Finally, the trial court fined appellant $150. Because the trial court sentenced appellant in accordance with the statutory limits, we see no abuse of discretion nor cruel or unusual punishment. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court disregarded the statutory criteria set forth in R.C.2929.22, supra, thereby nullifying the sentence. We disagree. In sentencing a defendant to jail time on a misdemeanor, the trial court must consider all the factors in R.C. 2929.22 and R.C.2929.12(C). State v. Polick (1995), 101 Ohio App.3d 428. However, there is no requirement a court must state on the record it has considered the statutory criteria. Id. "A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." State v. Adams (1988), 37 Ohio St.3d 295, para. 3 of the syllabus. We find nothing in the record to support appellant's contention the trial court did not consider the proper sentencing criteria or otherwise abused its discretion in this matter. The fact the trial court did not discuss the criteria only raises the presumption the trial court properly considered and applied the law. Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant contends the trial court erred in considering information which would not be considered at the trial stage. Specifically, appellant points to the trial court's consideration of appellant's fighting with and running from the police. Appellant contends he cannot be punished for charges never proven or admitted. In this case, we disagree. As specifically stated in R.C. 2929.22, supra, a trial court is required to consider "the nature and circumstances of the offense." Even if the trial court ignored the dismissed charges, appellant's conduct during his arrest for underage consumption is certainly relevant. The fact appellant was not charged with assault of a police officer does not negate his conduct during the arrest. Accordingly, we find it proper for the trial court to consider the circumstances surrounding the arrest. Furthermore, it is well-established a sentencing court may weigh such factors as arrests for other crimes. As noted by the Ohio Supreme Court: * * *the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant: `To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions.' State v. Burton (1977), 52 Ohio St.2d 21,23, citing, 368 N.E.2d 297, quoting United States v. Doyle (1965), 348 F.2d 715, 721, certiorari denied, 382 U.S. 843. In imposing sentence, the trial court considered appellant's conduct during his arrest. We find no abuse of discretion in such a consideration. For this reason, appellant's third assignment of error is overruled.
The April 6, 1999 Judgment Entry of the Lancaster Municipal Court is affirmed.
By: Hoffman, J. Gwin, P.J. and Farmer, J. concur.