[Cite as *State v. Strang*, 2022-Ohio-3857.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-21-1264

    Appellee                                       Trial Court No.  CR0202002393

v.

Larry Strang                                          **DECISION AND JUDGMENT**

    Appellant                                       Decided:  October 28, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This is an appeal by appellant, Larry Strang, from the December 22, 2021

judgment of the Lucas County Court of Common Pleas.  For the reasons that follow, we

affirm.

{¶ 2} Appellant sets forth one assignment of error:

The Trial Court Failed To Follow the Principal and Purposes of Ohio Law When It Sentenced Appellant to Consecutive Sentences.

**Facts**

{¶ 3} On October 30, 2021, appellant was indicted on ten counts: Count One, rape, punishable by life imprisonment; Counts Two, Three and Four, gross sexual imposition ("GSI"), third degree felonies; Counts Five, Six and Seven, importuning, third degree felonies; and Counts Eight, Nine and Ten, corrupting another with drugs, fourth degree felonies. Appellant pled not guilty.

{¶ 4} On November 1, 2021, the state offered appellant a plea agreement to amended Counts Two and Three, GSI, fourth degree felonies, which appellant accepted. Appellant entered a plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). He was also required to register as a Tier I sexual offender. The state agreed to dismiss the remaining counts at sentencing, and make no recommendation of a specific term of incarceration. A sentencing hearing was scheduled for November 30, 2021.

{¶ 5} On November 30, 2021, appellant sought to withdraw his plea and have new counsel. The state indicated the three minor victims and their parents were present and were prepared to address the court. Ultimately, the sentencing hearing was rescheduled.

{¶ 6} On December 20, 2021, the sentencing hearing was held, at which appellant spoke and three letters from the minor victims were read by a victim assistance advocate. The letter from H.J. indicated appellant hurt her and she now knows she cannot trust everyone. In A.R.T.'s letter, she stated she was glad appellant was going to jail because what he did was wrong, and she hopes he has to stay away from girls forever. In the third letter, A.T. described that what appellant did to her has haunted her and will haunt her the rest of her life, and has led to nightmares and self-harm because she thought it was her fault. A.T. expressed that appellant took away her dignity and pride, and he was supposed to be someone she could trust, but look where trust got her and her sisters. A.T. labeled appellant a selfish coward pervert. The court then addressed appellant, and imposed prison terms of 17 months on each count, to be served consecutively, for a total of 34 months in prison. Appellant timely appealed.

### Assignment of Error

{¶ 7} Appellant first argues "[t]he trial court did not properly consider the recidivism factors under Ohio Law." In support, he cites to *State v. Sanders*, 11th Dist. Portage No. 2003-P-0072, 2004-Ohio-5629, ¶ 48 ("[T]he trial court completely failed to review any of the factors announced in R.C. 2929.12(C) mitigating the seriousness of appellant's conduct or in R.C. 2929.12(D) regarding the likelihood of appellant's recidivism. * * * However, under R.C. 2929.12(A), the trial judge is required to consider the applicable seriousness and recidivism factors in subsections (B), (C), (D), and (E).")

3.

**{¶ 8}** Next, appellant contends his consecutive sentences are contrary to law by clear and convincing evidence. He submits "[t]he trial court referenced * * * there were three victims to Appellant's criminal actions that were pled to, even though Appellant only plead [sic] to two charges of Gross Sexual Imposition." Appellant asserts it was not proper for the court to consider facts regarding the third alleged victim, as he was not convicted of any charges relating to that alleged victim, and "[w]hen a charge is dismissed, the Appellant is not guilty of those charges [sic]."

**{¶ 9}** Appellant also argues the trial court "just states" the degree of harm was so great that consecutive sentences were necessary to protect the public, but "[t]he court does not give any reason or facts for the degree of harm. The court does not give any justification for the harm it just uses so called magic words to sentence Appellant to consecutive sentences." He insists "the court does not give any facts or reasons why the public needs to be protected from the Appellant besides the fact that these were sex offenses. There were not facts given as to the future crime or why the court believes that the public needs to be protected from the Appellant but does not state why [sic]."

**{¶ 10}** Finally, appellant maintains "while the court stated the proper statutory language for consecutive sentences, it does not give any rational for it [sic]."

**{¶ 11}** The state counters appellate review of felony sentences is limited by *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. The state contends the trial court properly imposed consecutive sentences, as it made the necessary, appropriate

4.

findings under R.C. 2929.14(C)(4), and the findings and the sentence are supported by the record. The state further asserts the trial court is permitted to consider uncharged or dismissed conduct at sentencing.

## Law

{¶ 12} The standard of appellate review for felony sentences is set forth in R.C. 2953.08, which provides, inter alia, that appellate review is limited to whether there is clear and convincing evidence to support the trial court's findings and whether the sentence is contrary to law. R.C. 2953.08(G)(2). *See also State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425.

{¶ 13} Generally, multiple terms of incarceration are to be served concurrently unless the trial court, in its discretion, orders the sentences to be served consecutively. R.C. 2929.41(A) and (B)(2); R.C. 2929.14(C)(4). Before imposing consecutive sentences, R.C. 2929.14(C)(4) mandates that the trial court find consecutive sentences are "necessary to protect the public from future crime or to punish the offender," "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of the following circumstances is present:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

5.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4).

{¶ 14} The trial court must engage in the correct analysis, state its statutory findings during the sentencing hearing, and incorporate those findings into its sentencing entry. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 253, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. However, a trial court "has no obligation to state reasons to support its findings." *Bonnell* at syllabus.

{¶ 15} With respect to dismissed charges, sentencing courts may consider charges which were reduced or dismissed under a plea agreement. *State v. Degens*, 6th Dist. Lucas No. L-11-1112, 2012-Ohio-2421, ¶ 19. This is due to the fact that sentencing courts are "to acquire a thorough grasp of the character and history of the defendant before it." *State v. Burton*, 52 Ohio St.2d 21, 23, 368 N.E.2d 297 (1977).

6.

**Analysis**

{¶ 16} With respect to appellant's argument that the trial court did not properly consider the recidivism factor, we note the trial court may consider this factor under R.C. 2929.11 and 2929.12, but the factor is not relevant to the trial court's decision to impose consecutive sentences. *See State v. Watson*, 6th Dist. Lucas No. L-19-1126, 2020-Ohio-4705, ¶ 20 ("R.C. 2929.11 and 2929.12 are not applicable to a review of consecutive sentences."). Moreover, the trial court's consideration of R.C. 2929.11 and 2929.12 factors are not reviewable on appeal. *See Jones*, 163 Ohio St.3d, 2020-Ohio-6729, 169 N.E.3d 649 at ¶ 42. *See also State v. Vargyas*, 6th Dist. Wood No. WD-20-068, 2021-Ohio-3383, ¶ 25 ("The Ohio Supreme Court's holding in *Jones* 'precludes [appellate courts'] review of felony sentences based solely on the * * * contention that the trial court improperly considered the factors * * * in R.C. 2929.11 and 2929.12 when it determined the appropriate sentence.'" (Citation omitted.)). Therefore, we will not consider this argument.

{¶ 17} Regarding appellant's challenge to consecutive sentences, a review of the transcript from the sentencing hearing reveals the trial court engaged in the correct analysis and complied with the requirements of R.C. 2929.14(C)(4) when imposing consecutive sentences. The court found consecutive sentences are necessary to protect the public from future crime and/or to punish appellant, and consecutive sentences are not disproportionate to the seriousness of appellant's conduct or the danger he would present

to the community. In addition, the court found the harm caused by appellant was so great or unusual that no single prison term for any of the offenses committed as part of this course of conduct would adequately reflect the seriousness of his conduct "and that is because there [were] three separate victims, two of which are the victims on the charges pled to," and appellant's criminal history required consecutive sentences, as he previously served an extended prison term. The court properly incorporated its findings in the judgment entry.

{¶ 18} Upon further review, we conclude the record supports the trial court's findings that consecutive sentences are necessary to protect the public from future crime or to punish appellant, and consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. Appellant was indicted on 10 counts alleging crimes of a sexual nature, involving three minor victims, and he entered a plea to two amended charges of GSI, involving two of the three minor victims. According to the record, during the summer of 2019 and into March 2020,[1] H.J. and A.T. were under 13 years of age. The record shows, as to Count 2, that appellant rubbed H.J.'s private parts (he put his hand on her vagina over her clothes) for about 20 seconds during a game of hide and seek in the basement of his house. As to Count 3, A.T. was attempting and struggling to put on her bathing suit when appellant

---

[1] The time period alleged in the indictment was June 15, 2019 through March 2, 2020.

8.

rubbed her vagina with his hands. The record also reveals the victims are all in counseling due to appellant's actions.

{¶ 19} Concerning the trial court's findings under R.C. 2929.14(C)(4)(b) and (c), the record shows appellant committed multiple offenses against multiple minor victims for a period of about 10 months, which psychologically impacted each minor victim and the victims' family. In addition, appellant has an extensive criminal history consisting of eight felony convictions and two misdemeanor convictions as an adult. Among the felony convictions are numerous drug offenses, theft offenses, gun offenses and an armed bank robbery offense, for which appellant was sentenced to 262 months in prison. We therefore conclude the record supports the trial court's findings that the offenses were committed as part of a course of conduct, and the harm caused to the victims was so great or unusual that no single prison term adequately reflects the seriousness of appellant's conduct, and appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.

{¶ 20} We further conclude the trial court, when imposing appellant's consecutive sentences, followed the principles and purposes of Ohio law, as the court made the required findings under R.C. 2929.14(C)(4), which findings are supported by the record. Accordingly, appellant's assignment of error is not well-taken.

{¶ 21} The judgment of the Lucas County Court of Common Pleas is affirmed.

Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____

Myron C. Duhart, P.J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.