[Cite as *State v. Pringle*, 2025-Ohio-5305.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No.  WD-25-017

      Appellee                                   Trial Court No.  24 CR 445

v.

Jack Pringle                                          **DECISION AND JUDGMENT**

      Appellant                                  Decided: November 25, 2025

* * * * *

Paul Dobson, Wood County Prosecuting Attorney, and
David Harold, Assistant Prosecuting Attorney, for appellee.

Dan Weiss, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} We *sua sponte* place this matter on the accelerated calendar pursuant to App.R. 11.1(A), and this judgment entry is not an opinion of the court. See S.Ct.R.Rep.Op.3.1; App.R. 11.1(E); 6th Dist.Loc.App.R. 12. Having reviewed the record, we find appellant's single assignment of error not well-taken as a matter of law.

{¶ 2} On April 4, 2025, the Wood County Court of Common Pleas convicted appellant Jack Pringle of two counts of menacing by stalking, in violation of R.C. 2903.211(A)(1) and (B)(2)(a) (counts 1 and 2); and one count of violating a protection order, in violation of R.C. 2919.27(A)(1) and (B)(3)(c) (count 3). For counts 1 and 2, appellant was sentenced to two 16-month prison terms, one for each count, to be served consecutively with each and other and consecutively with a prison term imposed in another case. For count 3, appellant was sentenced to a 12-month prison term to be served concurrently with appellant's other prison terms.

{¶ 3} Appellant timely appealed and asserts the following error for our review:

> The trial court failed to comply with the principles and purposes of R.C. 2929.11 and R.C. 2929.12 and appellant's sentence should be vacated.

He argues that the trial court erred by imposing a sentence that "did not advance the principles and purposes of R.C. 2929.11 and did not appropriately apply and weigh the seriousness and recidivism factors as outlined in R.C. 2929.12, and the court erred when it sentenced [a]ppellant to consecutive sentences."

{¶ 4} We cannot review appellant's arguments concerning R.C. 2929.11 and R.C. 2929.12. For nearly five years, we have abided by the Ohio Supreme Court's holding in *State v. Jones,* 2020-Ohio-6729, that we are prohibited, as a matter of law, from reviewing whether a trial court erred in its consideration of the R.C. 2929.11 and R.C. 2929.12 when it imposed sentence. *State v. Bowles,* 2021-Ohio-4401, ¶ 9 (6th Dist.), citing *State v. Toles,* 2021-Ohio-3531 (appeals based solely on a trial court's alleged error

2.

in considering R.C. 2929.11 and 2929.12 are "subject to summary resolution as a matter of law"). Appellant's assigned error falls squarely within this prohibition. Moreover, R.C. 2929.11 and 2929.12 do not apply to appellate review of consecutive sentences. *State v. Strang*, 2022-Ohio-3857, ¶ 16 (6th Dist.). We find appellant's assignment of error not well-taken. Pursuant to App.R. 12(B), we affirm the April 4, 2025 judgment of the Wood County Court of Common Pleas.

{¶ 5} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.