[Cite as *State v. Rahe*, 2026-Ohio-59.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No. WD-25-023

    Appellee                                    Trial Court No. 2024CR0375

v.

Brett L. Rahe                                      **DECISION AND JUDGMENT**

    Appellant                                   Decided:  January 9, 2026

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Brett L. Rahe, appeals a judgment of the Wood County Court of

Common Pleas which, following his guilty plea to domestic violence, sentenced him to

17 months of incarceration.  This court, sua sponte, places the matter on the accelerated

calendar pursuant to App.R. 11.1(A), and this judgment entry is not an opinion of this

court.  *See* S.Ct.R.Op.3.1; App.R. 11.1(E); 6th Dist. Loc.App.R. 12.  For the following reasons, the judgment is affirmed.

{¶ 2} Rahe sets forth one assignment of error on appeal:

Assignment of Error No. 1: The trial court failed to comply with the principles and purposes of R.C. 2929.11 and R.C. 2929.12 and appellant's sentence should be vacated.

{¶ 3} In his sole assignment of error, Rahe claims that at sentencing the trial court "did not advance the principles and purposes of R.C. 2929.11 and did not appropriately apply and weigh the seriousness and recidivism factors as outlined in R.C. 2929.12."

{¶ 4} As this court recently set forth in *State v. Pringle*, 2025-Ohio-5305, ¶ 4 (6th Dist.):

We cannot review appellant's arguments concerning R.C. 2929.11 and R.C. 2929.12. For nearly five years, we have abided by the Ohio Supreme Court's holding in *State v. Jones*, 2020-Ohio-6729, that we are prohibited, as a matter of law, from reviewing whether a trial court erred in its consideration of the R.C. 2929.11 and R.C. 2929.12 when it imposed sentence.  *State v. Bowles*, 2021-Ohio-4401, ¶ 9 (6th Dist.), citing *State v. Toles*, 2021-Ohio-3531 (appeals based solely on a trial court's alleged error in considering R.C. 2929.11 and 2929.12 are "subject to summary resolution as a matter of law"). Appellant's assigned error falls squarely within this prohibition.

{¶ 5} Here, as in *Pringle*, this court is prohibited, as a matter of law, from reviewing Rahe's contention that the trial court erred when considering R.C. 2929.11 and 2929.12.  Accordingly, Rahe's assignment of error is not well-taken.

2.

{¶ 6} Based on the foregoing, the April 4, 2025 judgment of the Wood County Court of Common Pleas is affirmed.  Rahe is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgement affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.
_____
JUDGE

Myron C. Duhart, J.
_____
JUDGE

Charles E. Sulek, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

3.