[Cite as *State v. Roberts*, 2013-Ohio-2202.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98973

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEMETROS ROBERTS

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART, REVERSED
### IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-562999

**BEFORE:** Celebrezze, J., Stewart, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 30, 2013

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland Heights, Ohio   44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    T. Allan Regas
          Christopher D. Schroeder
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Defendant-appellant, Demetros Roberts, appeals from the sentence imposed by the common pleas court following his guilty plea to five counts of trafficking in violation of R.C. 2925.03(A)(2). After a thorough review of the record and case law, we affirm appellant's sentence, but remand to allow appellant to move the court for waiver of court costs.

**{¶2}** On December 19, 2011, the Cuyahoga County Grand Jury indicted appellant in Cuyahoga C.P. No. CR-557118 on one count of drug possession in violation of R.C. 2925.11(A). On June 7, 2012, the Cuyahoga County Grand Jury indicted appellant in Cuyahoga C.P. No. CR-562999 on nine counts of drug trafficking in violation of R.C. 2925.03(A)(2) and nine counts of drug possession in violation of R.C. 2925.11(A).

**{¶3}** On August 7, 2012, appellant pled guilty in CR-562999 to five counts of drug trafficking in violation of R.C. 2925.03(A)(2), each felonies of the fifth degree. As part of appellant's plea agreement, the state voluntarily dismissed CR-557118 and the remaining counts in CR-562999. Thereafter, the trial court accepted appellant's plea and sentenced him to 12 months on each of the five drug trafficking counts. The trial court ordered the first three counts to run consecutively to one another and the last two counts to run concurrently to each other but consecutively to the first three counts, for a total 48-month term of imprisonment. The trial court's sentencing entry further stated, "The court hereby enters judgment against the defendant in an amount equal to the costs of this prosecution."

**{¶4}** Appellant now brings this timely appeal, raising two assignments of error for review.

## Law and Analysis

**{¶5}** As an initial matter, we note that the trial court's sentencing journal entry, dated August 28, 2012, incorrectly states that the trial court imposed "a prison sentence at the Lorain Correctional Institution of 36 month(s)," as opposed to the 48-month term ordered by the court during the August 28, 2012 sentencing hearing.[1]  Thus, we direct the trial court on remand to issue a nunc pro tunc entry to correct the sentencing journal entry pursuant to Crim.R. 36(A) and App.R. 9(E).

### I.  Imposition of Court Costs

**{¶6}** In his first assignment of error, appellant argues that the trial court committed plain error in imposing court costs in its sentencing entry without informing him of those costs in open court.  In support of his argument, appellant cites to the Ohio Supreme Court's decision in *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278.

**{¶7}** In *Joseph*, the court held that it is reversible error under Crim.R. 43(A) for the trial court to impose costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing. *Id.* at ¶ 22.  The court reasoned that the defendant

---

[1] At the sentencing hearing, the trial court stated, in relevant part:

"Mr. Roberts I'm going to sentence you to a year on Count Number 11, Count Number 15 and Count Number 19, Count Number 21 and Count Number 23."

"Count Number 11, Count Number 15 and Count Number 19 are going to be served consecutive to each other and Counts Number 21 and 23 will be served concurrent to each other but consecutive to Count Number 11, 15, and 19."

was denied the opportunity to claim indigency and to seek a waiver of the payment of court costs before the trial court because the trial court did not mention costs at the sentencing hearing. *Id.* The remedy in such a situation is a limited remand to the trial court for the defendant to seek a waiver of court costs. *Id.* at ¶ 23; *State v. Mays*, 2d Dist. No. 24168, 2012-Ohio-838, ¶ 17.

{¶8} The state concedes that the trial court failed to assess costs in open court. Therefore, appellant's first assignment of error is sustained. The imposition of costs is reversed, and this matter is remanded to the trial court to allow appellant to move the court for waiver of court costs.

## II. Sentence

{¶9} In his second assignment of error, appellant argues that the trial court erred at sentencing by considering all of the charges contained in his two indictments, including those charges that were voluntarily dismissed by the state. Because appellant did not object to the alleged error at the sentencing hearing, we review this claim for plain error. Under Crim.R. 52(B), a plain error affecting a substantial right may be noticed by an appellate court even though it was not brought to the attention of the trial court. An error rises to the level of plain error only if, but for the error, the outcome of the proceedings would have been different. *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61; *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Id.*

**{¶10}** In the case at hand, the record reflects that during plea negotiations, the state reserved the right to reference each of the counts appellant was indicted on at the time of sentencing. At the sentencing hearing, the state indicated that it made the reservation because it believed it was important for the court to be cognizant of the fact that appellant was involved in nine separate drug transactions and not just the five counts he pled guilty to. However, in imposing appellant's four-year prison sentence, the trial court did not expressly state that it considered appellant's dismissed counts. Rather, the record reflects that the trial court imposed the sentence based on its proper consideration, pursuant to R.C. 2929.11 and 2929.12, of appellant's history of drug abuse, his past criminal record, and the perceived harm his current drug-related convictions have caused to the community.

**{¶11}** Nevertheless, even if we were to interpret the trial court's colloquy as including references to appellant's dismissed counts, we find no merit to appellant's argument. The Ohio Supreme Court has recognized that sentencing courts are "to acquire a thorough grasp of the character and history of the defendant before it." *State v. Burton*, 52 Ohio St.2d 21, 23, 368 N.E.2d 297 (1977). Consideration of arrests for other crimes comes within that function. *Id*. Thus, this court has held on previous occasions that "a court may consider other charges, including charges which were dismissed as part of a plea agreement, during sentencing." *State v. Edwards*, 8th Dist. No. 85908, 2006-Ohio-2315, ¶ 43; *see also State v. Padilla*, 8th Dist. No. 98187, 2012-Ohio-5892, ¶ 25 ("Even though charges may be dismissed as part of the plea agreement, a sentencing

court may [within certain limits] consider a criminal charge, and supporting facts, that is dismissed under a plea agreement"), citing *State v. Bowser*, 186 Ohio App.3d 162, 168, 2010-Ohio-951, 926 N.E.2d 714 (2d Dist.).

{¶12} Based on the foregoing, we find that the factors considered by the trial court during appellant's sentencing hearing did not constitute error, plain or otherwise.

{¶13} Accordingly, appellant's second assignment of error is overruled.

{¶14} The judgment of the trial court is affirmed in part, reversed in part, and the cause remanded to allow appellant to seek a waiver of court costs and to correct the August 28, 2012 journal entry.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, A.J., and
KENNETH A. ROCCO, J., CONCUR