[Cite as *State v. Schmick*, 2013-Ohio-4488.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99262**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EUGENE SCHMICK

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-532200

**BEFORE:** Jones, P.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 10, 2013

**ATTORNEY FOR APPELLANT**

John P. Parker
988 East 185th Street
Cleveland, Ohio 44119


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Brett Kyker
        Joseph J. Ricotta
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Eugene Schmick, appeals from the 16-year sentence imposed on him in 2012. We reverse and remand for resentencing.

I.

{¶2} Schmick was a suspect in law enforcement's investigation into internet crimes against children. In July 2009, Schmick's computer was seized, and in December 2009, he was charged with over 80 sexually-oriented offenses. In April 2010, Schmick pleaded guilty to several of the counts. A presentence report was completed. The trial court sentenced him to 17 years in prison, designated him a Tier II sex offender, and imposed 5 years of postrelease control. Schmick appealed, contending in part that his plea was not knowingly, intelligently and voluntarily made. This court agreed and, therefore, vacated his plea, and remanded the case to the trial court. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263.

{¶3} On remand, a new plea was negotiated, which resulted in Schmick pleading guilty to 45 counts of the indictment in exchange for the remaining counts being nolled. Another presentence report was prepared. The trial court sentenced Schmick to a 16-year prison term, which included consecutive sentences.

{¶4} Schmick now presents the following assignments of error for our review:

I. The trial court's imposition of consecutive sentences violates ORC 2929.14 and is not supported by the record.

II. The 16 year sentence is not consistent with sentences imposed on

similar offenders for similar offenses in violation of ORC 2929.11(B) and

Ohio law.

III.   The "illegal use" and "pandering" charges must be merged for sentencing under ORC 2941.25 and this court's review is de novo.

II.

**{¶5}** R.C. 2953.08(G)(2), governing appellate review of felony sentencing, provides as follows:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.   The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

**{¶6}** Thus, under R.C. 2953.08(G)(2), the following two grounds permit an appellate court to reverse a trial court's imposition of consecutive sentences upon an offender: (1) the sentence is "otherwise contrary to law"; or (2) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings."   *See also State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 11.

**{¶7}** Under R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find that the sentence is "necessary to protect the public from future crime

or to punish the offender." The trial court must also find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Further, the trial court must find that one of the following factors applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶8} In sentencing Schmick, the court stated it reviewed both the defense's and the state's sentencing memorandums, as well as the presentence reports, and had "given this a great deal of thought." The court further stated that "some of the reasons for this sentence are as follows":

> Mr. Schmick, you have two prior felony convictions. You were given community control sanctions in each of those cases, and in each case you violated your community controlled sanction, or at [the] time it was known as probation.

> So clearly you have broken the law. You've been given chances and you have not been able to comply with the law. You were sent to prison on both of those cases. Those are just felonies. You have a number of misdemeanors, and we won't even discuss all of those.

**{¶9}** The court then outlined what it perceived to be inconsistencies in Schmick's responses to questions in the two presentence reports. The court further noted that (1) Schmick scored in the highest risk category for recidivism, and that (2) the most recent presentence report indicated his lack of genuine remorse.

**{¶10}** The trial court also considered proportionality and stated that it had been sentencing on this "kind of activity" for over 16 years. The court noted *State v. Phillips*, 8th Dist. Cuyahoga No. 92560, 2009-Ohio-5564, wherein the defendant was sentenced to 24 years for sexually-oriented offenses committed over the internet and this court upheld the sentence.

**{¶11}** The court considered the activity in this case, stating:

These young girls clearly did not consent to the behavior, which is despicable, being done to them. You downloaded it, you looked at it, and you made it available to others. For eternity those photographs will be available. Those young girls will grow up, maybe [somebody] will recognize them, somebody won't. But they are victimized each and every time the photos or the videos are looked at.

And I generally as a policy for each victim give a defendant a sentence. Given the number of victims that were involved in this, you would be here way past all of our lifetimes put together. And so I think that the 16 years is appropriate and proportional, given your conduct and the harm, the very, very significant harm this caused to these young girls.

**{¶12}** In the past, this court has upheld consecutive sentences where statements made by the trial court could be gleaned as the required statutory findings for such a sentence. For example, a finding by the court made pursuant to R.C. 2929.12(D)(2) that the defendant "previously was adjudicated a delinquent child * * * or has a history of criminal convictions" could be deemed sufficient to satisfy a finding under R.C.

2929.14(C)(4) that the defendant's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶13} The current trend, however, has been to hold the trial court responsible for more than just "substantial compliance" with the requirements. We do not believe following the trend is unreasonable. Otherwise, general statements made by trial courts can too easily be read as consecutive sentence findings. We do not believe that the legislature intended such a result; rather, it has specifically delineated the findings that need to be made when sentencing to consecutive terms.

{¶14} On this record, we find that the trial court did not satisfactorily make the required findings for the imposition of consecutive sentences. Although the trial court offered "reasons" for the sentence, they were not specifically tied to the required findings for consecutive sentences. Thus, we find that the sentence is "otherwise contrary to law."

{¶15} Further, we find that the record does not clearly and convincingly support some of the trial court's findings. For example, the court referred to Schmick's "numerous" misdemeanors. But the presentence reports showed prior misdemeanor convictions for disorderly conduct and false information to police in 1976, and an OVI in 1994. That record does not clearly and convincingly support the trial court's finding that Schmick had a "number" of misdemeanors.

{¶16} The trial court also found that Schmick had "not been able to comply with

the law." It is true that he has prior convictions, but from his 1994 OVI until he was indicted in this case in 2009, Schmick did not have any convictions; thus, he was law abiding for a significant number of years.

**{¶17}** In light of the above, the first assignment of error is sustained.

**{¶18}** We next consider the issue of merger of the illegal use and pandering charges for the purpose of sentencing. The issue was not raised by the defense at the trial court level, and there was no on the record discussion of merger at sentencing.

**{¶19}** Recently, in an en banc decision this court considered various issues related to the allied offenses merger doctrine, including:

> * * * determining the duty of a trial court judge under R.C. 2941.25 where a facial question of allied offenses of similar import exists but the trial court fails to inquire; determining the effect of a defendant's failure to raise the allied offenses of similar import issue in the trial court and whether that failure constitutes a valid waiver or forfeiture of the defendant's constitutional right against double jeopardy; determining the effect of a prosecutor's failure to put facts on the record detailing a defendant's conduct in relation to possible allied offenses of similar import at the trial court level; determining the impact of a silent or inconclusive record from the trial court that fails to detail the offender's actual conduct involving allied offenses of similar import; determining the effect of a guilty plea to multiple charges on the allied offenses of similar import analysis; and determining the effect of the absence of a stipulation to the allied offenses of similar import question.

*State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, and 98590, 2013-Ohio-3235, ¶ 3.

**{¶20}** After considering those issues, this court held the following:

> (a) Where a facial question of allied offenses of similar import presents itself, a trial court judge has a duty to inquire and determine under R.C. 2941.25 whether those offenses should merge. A trial court commits plain

error in failing to inquire and determine whether such offenses are allied offenses of similar import.

(b) A defendant's failure to raise an allied offenses of similar import issue in the trial court is not a bar to appellate review of the issue.

(c) While facts establishing the conduct of the offender offered at the time of a plea may be used to establish that offenses are not allied, a guilty plea alone that does not include a stipulation or a finding that offenses are not allied offenses of similar import does not conclusively resolve the merger question. Thus, a guilty plea does not constitute a valid waiver of the protections from possible double jeopardy under R.C. 2941.25.

*Id.* at ¶ 63.

**{¶21}** R.C. 2941.25, which governs allied offenses, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶22}** The Ohio Supreme Court redefined the test for determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25 in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The *Johnson* court expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, which required a "comparison of the statutory elements in the abstract" to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. The *Johnson* court held that rather than compare the elements of the crimes in the abstract, courts must

consider the defendant's conduct. *Id.* at syllabus.

> If multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."

*Id.*, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶50 (Lanzinger, J., dissenting).

**{¶23}** Schmick pleaded guilty to pandering counts under R.C. 2907.322(A)(1) and (2), which provide:

> (A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
>
> (1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;
>
> (2) Advertise for sale or dissemination, sell, distribute, transport, disseminate, exhibit, or display any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality.

**{¶24}** He also pleaded guilty to counts of illegal use of a minor in nudity-oriented material or performance under R.C. 2907.323(A)(1), which provides:

> (A) No person shall do any of the following:
>
> (1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity * * *.

**{¶25}** Considering the crimes of pandering and illegal use, it is possible for the same conduct to violate both statutes. *See State v. Corrao*, 8th Dist. Cuyahoga No. 95167, 2011-Ohio-2517, ¶ 9. But under *Johnson*, there needs to be consideration of Schmick's conduct in determining whether the offenses are allied offenses that should

merge. *See also id.* at ¶ 10. The record here, however, does not contain enough details as to the timing, circumstances, or victims for us to make an allied-offense determination. The trial court's failure to inquire constitutes plain error. *Id.*

{¶26} In light of the above, the third assignment of error is sustained to the extent that on remand the trial court should conduct an allied-offense inquiry.

{¶27} Finally, because on remand Schmick will be resentenced, we consider his second assignment of error, in which he contends that his 16-year sentence was disproportionate to similarly situated defendants.

{¶28} Schmick contended at the trial court level that of the 35 defendants who were part of the "round-up" in this particular investigation, 15 were sentenced to community control sanctions; 1 was sentenced to 20 days; 2 were sentenced to 2 years; 3 were sentenced to 3 years; 3 were sentenced to 4 years; 2 were sentenced to 5 years; 1 was sentenced to 59 months; 2 were sentenced to 6 years; 1 was sentenced to 7 years; and 2 were sentenced to 8 years. At the time of his sentencing, 2 cases were pending, and 1 had been dismissed.

{¶29} In considering proportionality, the trial court stated that it is a "difficult issue," and that it had given sentences for this "kind of activity * * * for over 16 years." As mentioned, the court then referenced *Phillips*, 8th Dist. Cuyahoga No. 92560, 2009-Ohio-5564, in which this court upheld a 24-year sentence for importuning, pandering obscenity, possessing criminal tools, and pandering sexually oriented matter involving a minor.

{¶30} The issue in *Phillips* was whether the trial court properly considered and weighed the seriousness and recidivism factors under R.C. 2929.12. This court concluded that although the sentence seemed "unduly harsh," the trial court had considered the seriousness and recidivism factors in determining the sentence and the sentence was not contrary to law. *Id.* at ¶ 10, 13.

{¶31} Aside from not addressing proportionality, the facts in *Phillips* are somewhat distinguishable from the facts here. Phillips was diagnosed as a pedophile with a heightened interest in children eight to ten years old and a moderate to high risk to reoffend. There were thousands of "chat calls" Phillips had with whom he believed to be a 12-year girl, but was actually a law enforcement official. Phillips sent pictures of his genitalia to the "girl" and asked her to send pictures of herself to him. Phillips told the "girl" that it would be "hotter" if she were under 12 years old. Further, Phillips admitted to talking to and sending pictures of his genitalia to other children over the internet.

{¶32} Here, Schmick was not diagnosed as a pedophile and the evidence demonstrated that he downloaded and viewed the pornographic material, but did not communicate with or send pictures to the victims. Thus, in addressing proportionality on remand, the trial court should not rely on *Phillips*.

{¶33} The second assignment of error is sustained to the extent of the above discussion.

{¶34} Judgment reversed; case remanded for resentencing.

It is ordered that appellant recover from appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., CONCURS;
EILEEN T. GALLAGHER, J., CONCURS IN
JUDGMENT ONLY