[Cite as *State v. Grant*, 2014-Ohio-2656.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100497**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL GRANT

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-571517 and CR-13-572242

**BEFORE:** Kilbane, J., Boyle, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 19, 2014

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building - Suite 940
526 Superior Avenue
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Margaret A. Troia
Mahmoud Awadallah
Assistant County Prosecutors
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} In these consolidated appeals, defendant-appellant, Michael Grant ("Grant"), appeals from the sentences imposed in CR-13-571517 (for burglary and theft) and CR-13-572242 (for six counts of rape, with firearm and two sexually violent predator specifications, and aggravated robbery, with a firearm specification). Having reviewed the record and pertinent law, we affirm Grant's sentence and reverse and remand its imposition of costs to allow Grant an opportunity to object to the imposition of court costs.

{¶2} On February 21, 2013, Grant was indicted for one count of burglary and one count of misdemeanor theft in CR-13-571517, in connection with the break-in of a home that occurred on December 13, 2012. On March 18, 2013, Grant was indicted in CR-13-572242 for a series of offenses that were alleged to have occurred from January 11, 2013 to January 31, 2013, involving three separate victims. The 20-count indictment charged him with 8 counts of rape with firearm and sexually violent predator specifications; 4 counts of kidnapping with firearm, sexual motivation, and sexually violent predator specifications; 3 counts of aggravated robbery with firearm specifications; 3 counts of gross sexual imposition; 1 count of felonious assault with firearm specifications; and 1 count of petty theft.

{¶3} Grant pled not guilty to all charges, and on June 19, 2013, his counsel filed motions for competency and sanity evaluations. On July 25, 2013, however, the parties stipulated to the court psychiatric report that found Grant competent to stand trial and

sane at the time of the offenses.

{¶4} On September 16, 2013, Grant pled guilty to the indictment in CR-13-571517. Also on September 16, 2013, the state amended the charges in CR-13-572242, and he pled guilty to a total of seven offenses. He pled guilty to two counts of rape with three-year firearm specifications and sexually violent predator specifications (amended Counts 1 and 10); two counts of rape with three-year firearm specifications (amended Counts 2 and 9); two counts of rape with no specifications (amended Counts 3 and 11); and one count of aggravated robbery with a three-year firearm specification (amended Count 18). Immediately following the plea, the trial court sentenced him to a total of 58 years to life in prison. The sentence consisted of a term of 13 years to life on Count 1, to be served consecutively to 12 years on Count 2; a concurrent term of 9 years on Count 3; a consecutive term of 13 years on Count 9; a consecutive term of 12 years on Count 10; a concurrent term of 9 years on Count 11; and a consecutive 8-year term on Count 18. The court also imposed five years of mandatory postrelease control sanctions and classified him as a Tier III sex offender.

{¶5} Grant now appeals, assigning two errors for our review:

### Assignment of Error One

The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

### Assignment of Error Two

The trial court erred by ordering Appellant to pay costs in the journal entry

because it was not addressed or ordered in open court.[1]

Consecutive Sentences

{¶6} In Grant's first assignment of error, he challenges the imposition of consecutive sentences.

{¶7} R.C. 2953.08(G)(2) sets forth the appellate standard of review as follows:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
> (b) That the sentence is otherwise contrary to law.

{¶8} In accordance with this statute, the appellate court may reverse the trial court's imposition of consecutive sentences if it "clearly and convincingly" finds that: (1) "the record does not support the sentencing court's findings," or (2) "the sentence is otherwise contrary to law." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453,¶ 11 (8th Dist.); *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 6.

{¶9} In addition to meeting the purposes and principles of sentencing set forth in

---

[1]The state concedes this assignment of error.

R.C. 2929.11 and considering the seriousness and recidivism factors set forth in R.C. 2929.12, the sentencing court must, in accordance with R.C. 2929.14(C)(4), make three distinct findings before imposing consecutive sentences. *Venes* at ¶ 17. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(C)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id*. Finally, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶10} The failure to make these findings on the record at the sentencing hearing is "contrary to law." *Venes* at ¶ 12, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252.

{¶11} In this matter, at the sentencing hearing, the trial court heard detailed

descriptions of the offenses from each of Grant's victims, the harm they suffered, and the

aftermath that resulted. The court then stated:

> First of all, you basically, Mr. Grant, made these victims -- -- prisoners in their own world right now. They're basically afraid to leave their house. They're paralyzed in their movements and thoughts. So you're going to receive, correspondingly, a typical sentence as they did. Do you understand that?
>
> * * *
>
> [Y]our attorney says you're a human being. Yeah, technically you are, but you didn't act like one. Nothing more than an animal. You know, there's a lot of people who come from—come through this courthouse with troubled backgrounds—many of whom have had backgrounds much worse than yours—and they have not committed the savage violent acts you have. It wasn't necessary for you to do any of this. You have total disregard for the feelings and the rights of other people.

The reason why I'm imposing consecutive sentences is as follows: Some

is self-evident, but to make the record clear, consecutive sentence is

necessary to protect the public from future crime or to punish the offender

here. Obviously, the defendant must be punished severely for the nature of

his acts. The consecutive sentence—to the seriousness of his conduct and

the danger the offender poses to the public. Additionally, at the time that

the defendant committed these acts, he was on probation to this Court,

which we'll have to address as well. I'm sorry. * * * [H]e was on

probation in Case Number 564508. The nature of these offenses, a relative

short time frame over which they occurred, as well as the facts that the

defendant does have a prior criminal history, certainly justifies the

imposition of consecutive sentences.

**{¶12}** Upon review, we note, as an initial matter, that each of the individual terms imposed by the court were within the basic range for first-degree felonies as set forth in R.C. 2929.14(A). The record also reflects that the trial court considered all required factors of law, including the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12. In addition, the record clearly and convincingly establishes that the trial court made all of the findings required under R.C. 2929.14(C)(4). Specifically, the court found that the sentence is necessary to protect the public from future crime or to punish the offender. The court also outlined Grant's course of criminal conduct and the brutality of the crimes. The court found that the offenses were committed with total disregard for the victims, which resulted in lasting trauma to the victims. The court then stated that Grant was "going to receive, correspondingly, a typical sentence as they did." This established that the court found that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition, the court found that the offenses occurred while Grant was under postrelease control sanctions, the offenses occurred within a short time frame and caused extreme harm to multiple victims, and his history of conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. The trial court's record is sufficient to establish the requirements of law, and we cannot say that the record fails to support those findings or that the sentence is otherwise contrary to law.

**{¶13}** The first assignment of error is without merit.

Court Costs

**{¶14}** In Grant's second assignment of error, he argues that the trial court committed plain error in imposing court costs in its sentencing entry without informing him of those costs in open court. The state concedes that the trial court failed to assess costs in open court.

**{¶15}** Under R.C. 2947.23, a trial court is required to impose "the costs of prosecution" against all convicted defendants and render a judgment against the defendant for such costs, even those who are indigent. *See State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the court held that it is reversible error under Crim.R. 43(A) for the trial court to impose costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing. *Id.* at ¶ 22. The court reasoned that the defendant was denied the opportunity to claim indigency and to seek a waiver of the payment of court costs before the trial court because the trial court did not mention costs at the sentencing hearing. *Id.* The remedy in such a situation is a limited remand to the trial court for the defendant to seek a waiver of court costs. *Id.* at ¶ 23; *State v. Mays*, 2d Dist. Montgomery No. 24168, 2012-Ohio-838, ¶ 17.

**{¶16}** In this matter, the record indicates and the state concedes that the trial court failed to assess costs in open court. Therefore, Grant's second assignment of error is sustained. The imposition of costs is reversed, and this matter is remanded to the trial

court for the limited purpose of allowing Grant to have an opportunity to move the court for waiver of court costs.

**{¶17}** The sentence is affirmed and the matter is remanded for proceedings consistent with this opinion.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., CONCURS;
LARRY A. JONES, SR., J., CONCURS IN PART AND DISSENTS IN PART (SEE SEPARATE OPINION)

LARRY A. JONES, SR., J., DISSENTING AND CONCURRING:

{¶18} Respectfully, I dissent as to the majority's judgment affirming the consecutive sentences.

{¶19} I agree with the majority that the trial court made the required finding that consecutive sentences were necessary to protect the public from future crime or to punish the offender. I also agree that the trial court made findings under subsection (a)-(c) of R.C. 2929.14(C)(4), that being that the defendant committed the offense while he was on probation and that his history of criminal conduct justified consecutive sentences.

{¶20} But I disagree with the majority that the trial court made the required disproportionality finding. The majority holds that a statement made by the trial court established that the court found that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public. In the past, this court upheld consecutive sentences where statements made by the trial court could be gleaned as the required statutory findings for such a sentence. But this court's current trend has been to hold the trial court responsible for more than just "substantial compliance" with the requirements. *State v. Schmick*, 8th Dist. Cuyahoga No. 99262, 2013-Ohio-4488, ¶ 13.

{¶21} Thus, in light of this court's recent decisions regarding consecutive sentences, I dissent from the majority's judgment affirming the imposition of consecutive sentences, and would remand for resentencing on the counts that the trial court ran consecutively.

{¶22} I concur with its judgment resolving the second assignment of error.