[Cite as *State v. Thomas*, 2017-Ohio-4436.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104567

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEWAYNE THOMAS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595595-H

**BEFORE:** Stewart, J., Keough, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** June 22, 2017

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 670218
Northfield, OH 44067


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Frank Romeo Zeleznikar
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

**{¶1}** Defendant-appellant DeWayne Thomas and six codefendants were named in a 25-count indictment on a fraudulent check scheme perpetrated against multiple defendants. Thomas pleaded guilty to 18 of the counts, including 10 counts of forgery. The court sentenced him to a total of five years in prison and ordered him to pay restitution in the amount of $5,941.38. In his three assignments of error, Thomas challenges his sentence, his restitution order, and the imposition of court costs. For the reasons that follow, we affirm the trial court's decision.

**{¶2}** In his first assignment of error, Thomas argues that some of his convictions should have merged for purposes of sentencing. *See* R.C. 2941.25(A). He complains that each forgery count in violation of R.C. 2913.31(A)(2) is allied with each respective forgery count in violation of R.C. 2913.31(A)(3), and thus should have been merged at sentencing. Thomas failed to raise the issue of allied offenses before the trial court. He has, therefore, forfeited the right to raise the issue now on appeal except for plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21-22.

**{¶3}** The burden is on the appellant to affirmatively demonstrate plain error on the record: "a deviation from a legal rule" constituting "an 'obvious' defect in the trial court proceedings" and a reasonable probability that it resulted in prejudice. *Id.*, quoting *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 Ohio St.3d 900, ¶ 16. This court has discretion to correct any "'plain errors or defects affecting substantial rights'

notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *Id.* at ¶ 22, quoting Crim.R. 52(B). Even after a plain error is established, this court is not required to correct it; to the contrary, the Supreme Court has circumscribed this court's ability to notice plain errors to "exceptional circumstances," and then only to prevent a "manifest miscarriage of justice." *Id.* at ¶ 23, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶4} Thomas cites *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31, for the proposition that it is plain error when a trial court does not account for allied offenses that are clearly present on the record. As Thomas notes, in *Underwood*, the state agreed that "[t]he two counts * * * would be considered allied offenses of similar import and would require the Court to sentence the defendant to only one of the thefts." *Id.* at ¶ 5. The facts here differ from *Underwood* in that the state has made no such concession. Contrary to *Underwood*, there is no discussion of allied offenses anywhere on the record in this case. As such, Thomas cannot meet his burden of affirmatively demonstrating plain error. Finding no merit to his argument, we overrule his first assignment of error.

{¶5} In his second assigned error, Thomas complains about the amount of restitution he was ordered to pay. At sentencing, Thomas did not dispute either the court's order that he pay restitution or the amount he was ordered to pay. Now on appeal, Thomas argues for the first time that the trial court erred by not apportioning the amount of restitution between codefendants. By not making his argument to the trial

court, Thomas once again forfeits all but plain error on appeal. *See State v. Pollard*, 8th Dist. Cuyahoga No. 97166, 2012-Ohio-1196, ¶ 8.

{¶6} R.C. 2929.18(A)(1) provides that the amount of restitution a court orders "shall not exceed the amount of economic loss suffered by the victim." Thomas has not demonstrated on the record that the trial court violated this provision. To the contrary, Thomas seems to confirm that the court followed the law: in his brief he states that his restitution order is for the "full amount of loss." Thomas's claims about what his codefendants were or were not ordered to pay as restitution are unsubstantiated and outside of the record. As such, Thomas has not met his burden of establishing any plain error. *See Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 22. Accordingly, we overrule this assigned error.

{¶7} In his third and final assignment of error, Thomas argues that the court erred by imposing the cost of prosecution "outside of his presence." R.C. 2947.23(A)(1)(a) requires that all criminal defendants pay for the cost of prosecution. The transcript reflects that the trial court did not impose court costs on Thomas during his sentencing hearing; however, the journal entry confirms that the court did, nevertheless impose costs. Because of this, Thomas complains that he did not have the opportunity to seek waiver of court costs. Citing to *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, Thomas argues that the court committed reversible error under Crim.R.43(A), which provides that a defendant be physically present at every stage of the criminal proceeding.

**{¶8}** In *Joseph*, the Supreme Court held that the trial court's failure to notify the defendant that it was imposing court costs was reversible error because "he was denied the opportunity to claim indigency and seek a waiver of the payment of court costs before the trial court." *Joseph* at ¶ 22. The Supreme Court therefore remanded the case "for the limited purpose" of allowing the defendant to move for a waiver of court costs. *Id.* at ¶ 23.

**{¶9}** Subsequent to *Joseph*, R.C. 2947.23 was amended to include subdivision (C), which provides that "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." 2011 Am.Sub.H.B. 247. The amendment to R.C. 2947.23 notwithstanding, this court has addressed the imposition of court costs outside the defendant's presence and found reversible error. *See State v. Rudd*, 8th Dist. Cuyahoga No. 102754, 2016-Ohio-106, ¶ 84-88.

**{¶10}** In *Rudd,* the court failed to impose court costs at the sentencing hearing, however ordered the defendant to pay costs in the journal entry. *Id.* at ¶ 87. On appeal, the defendant argued that the court erred by failing to advise him that it imposed court costs at sentencing. *Id.* at ¶ 84. The state conceded this error. *Id.* This court agreed, reversing and remanding for the "limited purpose to allow [the defendant] to move the trial court for a waiver of payment of court costs." *Id.* at ¶ 87.

**{¶11}** Similar to *Rudd*, a review of the record in this case shows that the court imposed costs in the journal entry but not at sentencing. Also similar to *Rudd*, the state

concedes that the trial court erred by failing to address costs during sentencing. However, here the state maintains that such error is harmless.

{¶12} "Harmless" error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights." Crim.R. 52. "The presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 90, quoting *Snyder v. Massachusetts,* 291 U.S. 97, 107-108, 54 S.Ct. 330, 78 L.Ed. 674 (1934), *overruled on other grounds, Duncan v. Louisiana*, 391 U.S. 145, 154, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and *Malloy v. Hogan*, 378 U.S. 1, 2, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), fn. 1.

{¶13} Crim.R. 43(A) violations are subject to harmless error analysis. *See State v. Williams*, 6 Ohio St.3d 281, 287, 452 N.E.2d 1323 (1983) (defendant not present at voir dire was harmless violation of CrimR. 43(A)); *State v. McCollins*, 8th Dist. Cuyahoga No. 95486, 2011-Ohio-2398, ¶ 7 ("[D]efendant's absence in violation of Crim.R. 43(A), although improper, can constitute harmless error when he suffers no prejudice."). *Rudd* did not address harmless error likely because of the state's concession to remand for resentencing.

{¶14} Unlike the defendant in *Joseph*, Thomas has not suffered any prejudice. Because the trial court "retains jurisdiction to waive * * * the payment of costs * * * at the time of sentencing or at any time thereafter," R.C. 2947.23(C) provides Thomas with the opportunity to seek waiver "at any time." In fact, the record shows that Thomas has

indeed moved the court for waiver. Subsequent to filing his notice of appeal, and currently pending in the trial court, is Thomas's "motion to vacate/waive court costs and fines or implement a payment plan upon release pursuant to R.C. 2947.23."

**{¶15}** Because the trial court retains jurisdiction over Thomas's court costs, the protection established by the Supreme Court's decision in *Joseph* is no longer necessary. The trial court's error in failing to assess court costs at sentencing did not prejudice Thomas. The error is therefore harmless. *See* Crim.R. 52(A).

**{¶16}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY J. BOYLE, J., CONCURS;
KATHLEEN ANN KEOUGH, A.J., CONCURRING IN PART AND DISSENTING IN PART WITH SEPARATE OPINION

KATHLEEN ANN KEOUGH, A.J., CONCURRING IN PART AND DISSENTING IN PART:

**{¶17}** I respectfully dissent from the majority's disposition of Thomas's third assignment of error regarding the trial court's imposition of costs in its journal entry of sentencing, despite its failure to impose those costs in open court at sentencing.

**{¶18}** I would follow the plethora of cases that hold pursuant to *Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, that it is reversible error under Crim.R. 43(A) for the trial court to impose court costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing, and that the proper remedy is to reverse the imposition of costs and remand to the trial court for the limited purpose of allowing the defendant to move for a waiver of court costs. *See, e.g., State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99; *State v. Elder*, 8th Dist. Cuyahoga No. 104392, 2017-Ohio-292; *State v. Sizemore*, 5th Dist. Richland No. 15CA18, 2016-Ohio-1529 (specifically noting the amendment to R.C. 2947.23 but nevertheless finding reversible error); *Rudd*, 8th Dist. Cuyahoga No. 102754, 2016-Ohio-106; *State v. Walker*, 5th Dist. Richland No. 09CA88, 2016-Ohio-8615; *State v. Saturday*, 9th Dist. Summit 27521, 2015-Ohio-2136; *State v. Grant*, 8th Dist. Cuyahoga No. 100497, 2014-Ohio-2656; *State v. Taylor*, 8th Dist. Cuyahoga No. 100315, 2014-Ohio-3134; *State v. Roberts*, 8th Dist. Cuyahoga No. 98973, 2013-Ohio-2202; *State v. Thompson*, 8th Dist. Cuyahoga No. 99467, 2013-Ohio-4793.

**{¶19}** Notably, all of these cases were decided after R.C. 2947.23 was amended effective March 22, 2013. Although R.C. 2947.23 no longer places limits on when a defendant can move for a waiver of court costs, *Joseph* has not been overruled, and I

cannot agree that a defendant suffers no prejudice when the trial court imposes court costs in his or her absence.   Accordingly, I dissent in part.